IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT SPEELMAN )<br>KAREN SPEELMAN )<br>  )<br>  Plaintiffs, )<br>  )<br>v.  )<br>  )<br>UNITED STATES, )<br>  )<br>  Defendant. ) | No: 1:05-cv-2482 (PLF) |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiffs allege that, beginning with tax year 1989, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiffs seek a refund of all taxes paid in, damages for alleged "wrongful collection," and injunctive relief respecting further federal tax collection against them.

QUESTIONS PRESENTED

Plaintiff, Robert Speelman, attempted to served the initial process on the United States. Should the Court dismiss the complaint for failure to properly serve the United States?

Plaintiffs' complaint seeks a refund of federal taxes, an injunction against further tax collection, and damages for alleged "wrongful collection" of federal taxes from plaintiffs. The complaint fails to allege that plaintiffs have filed claims for refund of taxes or claims for damages from "wrongful collection" of taxes. Plaintiffs have failed to

allege that they have fully paid the taxes they seek to have refunded.  Does the Court have jurisdiction to entertain a suit for refund of federal taxes, for damages, and for injunctive relief against federal tax collection under these circumstances?

## STATEMENT

1. <u>Introduction & background</u>.  Plaintiffs, Robert & Karren Speelman, filed this complaint on December 27, 2005.  The complaint alleges that in connection with the collection of federal tax "beginning with 'tax year' 1989," agents and employees of the Internal Revenue Service "recklessly, intentionally, or by reason of negligence disregarded" a laundry list of statutes from the Internal Revenue Code.  (Compl. ¶¶ 1, 7.)<u>1</u>/  On January 24, 2006, plaintiff Robert Speelman filed returns of service showing that plaintiff Robert Speelman himself served the Attorney General and the United States Attorney for the District of Columbia by certified mail.  (<u>See</u> PACER # 3.)

2. <u>Relief sought in the complaint</u>.  The complaint seeks three types of relief.<u>2</u>/  First, plaintiffs seek damages on account of "reprehensible, egregious, and vexatious behavior of the defendant."  (Compl. ¶ 19.)  Second, they request a "[r]efund of all unassessed taxes, return of all seized property, return of all levied funds."  (Compl. ¶

---

<u>1</u>/  Plaintiffs' case is one of over 70 known cases filed in this Court with identical or nearly identical complaints/amended complaints.

<u>2</u>/  Plaintiffs also may be seeking declaratory relief.  (<u>See</u> Compl. ¶ 18 where plaintiffs seek a determination that the Internal Revenue Service, "its principals, officers, agents, 'rogue agents' and/or employees" intentionally or negligently disregarded provisions of the Internal Revenue Code.)  If so, declaratory relief is barred by the Declaratory Judgment Act.  <u>See</u> 28 U.S.C. § 2201.

20.) Last, plaintiffs seek an injunction against "the Internal Revenue Service, its officers, employees and anyone working or acting in behalf of the IRS, including any and all U.S. attorneys, employees of the Department of Justice and judges from engaging in any further collection activity whether civil or criminal until all claims are fully resolved, and the return of all sums wrongfully collected." (Compl. ¶21.)

ARGUMENT

I

THE COMPLAINT SHOULD BE DISMISSED BECAUSE
SERVICE OF PROCESS WAS DEFICIENT

Under Fed. R. Civ. P. 4(c)(2), service of a summons and complaint "may be effected by any person *who is not a party*." (Emphasis added.) Conversely, a party to litigation may not serve the summons and complaint. Service of initial process *by a party to the action* is insufficient service. Davis v. Garcia, 222 F.R.D. 386, 388 (C.D. Cal. 2004); Taylor v. Internal Revenue Service, 192 F.R.D. 223, 224 (S.D. Tex. 1999); Willis v. Tarasen, 2005 WL 1705839, *2 (D. Minn. 2005); Hanberg v. FBI, 2003 WL 21730604, *1 (E.D. La. 2003); Perkel v. United States, 2001 WL 58964, *1 (N.D. Cal. 2001).

Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3)

3

by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(i); Relf v. Gasch, 511 F.2d 804 (D.C. Cir. 1975); Hodge v. Rostker, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. Rabiolo v. Weinstein, 357 F. 2d 167, 168 (7th Cir. 1966); see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. Bland v. Britt, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. See Light v. Wolf, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. See Myers v. American Dental Ass'n, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); Familia De Boom v. Arosa Mercantil, S.A., 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiff Robert Speelman signed the returns of service indicating that he, himself, served the summons on the Attorney General and the United States Attorney for the District of Columbia by certified mail. Robert Speelman is, of course, a party to this action, and thus cannot properly serve the summons. Accordingly, plaintiffs have failed to properly serve the United States, and their complaint must be dismissed.

II

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE COMPLAINT, DUE TO PLAINTIFFS' FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING THEIR SUIT

   A.   *This Court Lacks Subject-Matter Jurisdiction over
        Plaintiffs' Refund Claims*

This Court does not have jurisdiction over plaintiffs' claim for a tax refund. Plaintiffs do not allege that they have either filed a claim for refund or fully paid the federal taxes for which they seek a refund. Both are necessary to waive the United States' sovereign immunity. See United States v. Dalm, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); Flora v. United States, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); Vanskiver v. Rossotti, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiffs have the burden to show that sovereign immunity has been waived. See, e.g., Paradyne Corp. v. U.S. Dept. of Justice, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)). Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ." 26 U.S.C. § 7422(a). Plaintiffs make cursory claims that they have "exhausted all administrative remedies," "by disputing the tax claims . . . and properly petitioning . . . the Commissioner of the Internal Revenue Service." (Compl. ¶ ¶ 6, 16.) They have not alleged, however, that they filed a claim for refund as required under 26 U.S.C. § 7422. Since plaintiffs have not even alleged that

they filed a claim for refund, this Court lacks jurisdiction over their tax refund claims. <u>Dalm</u>, 494 U.S. at 601-02.

Likewise, plaintiffs have not alleged that they fully paid their tax liabilities. On the contrary, they seek an injunction to prevent the Internal Revenue Service from collecting the taxes due. (<u>See</u> Compl. ¶ 21.) This request, in itself, implies that plaintiffs have not fully paid the taxes they seek to recover—an implication fatal to a suit for refund. <u>See</u> <u>Flora</u>, 362 U.S. at 177.

Because plaintiffs have not alleged that they filed a claim for refund and fully paid the federal taxes, the United States' sovereign immunity has not been waived, and this Court lacks subject-matter jurisdiction over their claims for a refund of federal taxes.<u>3</u>/

        B.    *Plaintiffs' Request for Injunctive Relief Is Barred by the Anti-injunction Act*

Plaintiffs seek an order enjoining the Internal Revenue Service from engaging in any further tax collection activities. (Compl. ¶ 34.) Such injunctive relief is barred by the Anti-injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent objective of plaintiffs' claim. <u>See</u> 26 U.S.C. § 7421(a). Thus, the Act

---

<u>3</u>/   Plaintiffs have also selected an improper venue for a refund suit. Plaintiffs reside in Springfield, Ohio. (Compl. ¶ 1.) A suit to recover a federal tax alleged to have been erroneously or illegally assessed or collected must be brought in the judicial district in which plaintiffs reside. <u>See</u> 28 U.S.C. § 1402(a)(1); <u>Saraco v. United States</u>, 61 F.3d 863 (3d Cir. 1995).

precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes.  See Foodservice & Lodging Institute, Inc. v. Reagan, 809 F.2d 842, 844-45 (D.C. Cir. 1987); American Federation of Gov't Employees, AFL-CIO v. United States, 660 F.Supp. 12, 13, (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to section 7421, the exception is inapplicable to the present case.  In Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed.  See Flynn v. United States, 786 F.2d 586, 589 (3d Cir. 1986).  The burden is on plaintiffs to demonstrate that their suit falls within the purview of the judicially-created exception to the Anti-injunction Act. Bowers v. United States, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiffs cannot demonstrate that under the circumstances of this case, the government could never prevail.  Plaintiffs allege that the Internal Revenue Service acted improperly "in connection with the collection of Federal tax beginning 'tax year' 1989" (Compl. ¶ 1), but do not identify the specific tax years at issue, the type of tax, amounts or dates of alleged "wrongful" collection, specifics as to the alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing

and their entitlement to relief. Primarily, they merely express their dissatisfaction that the Internal Revenue Service is attempting to collect their unpaid taxes.4/

As for the second prong of Enochs, plaintiffs have failed to demonstrate the existence of equitable jurisdiction. Plaintiff must show that there is irreparable injury and inadequacy of legal remedies. See Foodservice & Lodging Institute, 809 F.2d at 844-45; Flynn , 766 F.2d at 598. In certain situations, plaintiffs could temporarily forestall collection—the ultimate relief they request—by requesting a "collection due process hearing" with the Internal Revenue Service. See 26 U.S.C. § 6330. Moreover, they can fully pay the taxes and *then* file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which plaintiffs can obtain relief, there is no equitable jurisdiction. Accordingly, plaintiffs' complaint fails the second prong of the Enochs test as well.

In sum, this Court lacks jurisdiction over plaintiffs' request for injunctive relief because such relief is barred by the Anti-injunction Act. Plaintiffs have not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception. Thus, the Court should dismiss this case.

        C.    *This Court Lacks Subject-Matter Jurisdiction Over Plaintiffs' Damages Claim*

Plaintiffs attempt to state a claim for damages under 26 U.S.C. § 7433, and seek unspecified damages (Compl. ¶ 7.) This Court does not have jurisdiction over plaintiffs'

---

4/  As already discussed, an allegation conceding that taxes have not been fully paid is fatal to a suit for refund. See Flora, 362 U.S. at 177.

section 7433 claim because they have failed to demonstrate that they filed an administrative claim for damages with the Internal Revenue Service.  As previously mentioned, the party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  McGuirl v. United States, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); West v. F.A.A., 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions.  The Court lacks jurisdiction over the plaintiffs' claims because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, a taxpayer must exhaust his administrative remedies.  26 U.S.C. § 7433(a).  "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*"  26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433.  See 26 C.F.R. § 301.7433-1(e).  The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical

>Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added).  The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following:  (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  See McGuirl v. United States, 360 F.Supp.2d at 128; Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1989); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992).

   Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations.  Instead, they simply state, in conclusory fashion, that they have "exhausted all administrative remedies." (Compl. ¶¶ 6, 16.)  Therefore, plaintiffs have not met their burden to allege adequately that the United States has unequivocally waived its sovereign immunity.  Because plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should dismiss the complaint.

CONCLUSION

Because plaintiffs have failed to properly serve the United States and because the Court lacks jurisdiction over their complaint, the complaint should be dismissed.

DATE: April 12, 2006.

                    Respectfully submitted,

                    /s/ Pat S. Genis
                    PAT S. GENIS, #446244
                    Trial Attorney, Tax Division
                    U.S. Department of Justice
                    Post Office Box 227
                    Washington, DC 20044
                    Telephone: (202) 307-6390

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing United States' MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO DISMISS was caused to be served upon plaintiffs *pro se* on April 12, 2006 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> Robert Speelman
> Karren Speelman
> Plaintiffs *pro se*
> P.O. Box 1232
> Springfield, OH 45501

> /s/ Pat S. Genis
> PAT S. GENIS, #446244