RECEIVED
SEP 0 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States District Court
IN THE DISTRICT OF COLUMBIA

Robert Speelman and Karren
Speelman, husband and wife.

        Plaintiffs,

v.

United States
        Defendant.

Case No. 1:05-cv-2482 (PLF)

RESPONSE TO OPPOSITION TO CROSS MOTION FOR SUMMARY JUDGMENT

Plaintiff hereby responds to defendant's OPPOSITION TO CROSS MOTION FOR SUMMARY JUDGMENT.

Defendant initially moved to dismiss the above-captioned action for insufficiency of service, and for lack of subject matter jurisdiction.

Aware that the Court has construed similar motions in allegedly similar cases as a motion under Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief may be granted, and further aware that the Court has treated such as a motion for summary judgment, Plaintiff filed a the Cross-Motion for Summary Judgment which defendant predictably opposes.

Misrepresenting the nature of the instant action[1], Defendant's "opposition", as the preceding motion, fails on each ground, as follows:

---

[1] Although briefly mentioning the basis for Plaintiff's lawsuit in the introduction, defendant continues to misrepresent the instant action as a "refund" action under Internal Revenue Code section 7422, avoiding the core issue of disregard of provisions of tax law and regulation; including but not limited to the allegation defendant is unable to produce record evidence of any procedurally proper assessment of tax.

SERVICE WAS SUFFICIENT - DEFENDANT'S CITATIONS MISREPRESENTATIVE

In support of counsel's confusion between Fed.R.Civ.P. 4(c) and Fed.R.Civ.P. 4(I) in the original motion, counsel cited DAVIS v. GARCIA 226 F.R.D. 386 and TAYLOR v. U.S. I.R.S. 192 F.R.D. 223, among other cases. However, neither of these cases, nor, presumably, any of the others cited, were decided upon this pivotal issue.

In DAVIS, "...plaintiffs Proof of Service indicate[d] that service was made under Rule 5(b) of the Federal Rules of Civil Procedure. (Id. at 1.) However, Rule 5 applies to 'every pleading subsequent to the original complaint.'"

"Moreover," the magistrate found, "plaintiff failed to indicate in paragraph 1 of the Proof of Service (filed June 25, 2004) what document was being served. (Id) Finally, it appears that plaintiff simply served a copy of the Summons and Complaint, without including a waiver of service or notice and acknowledgment form as required by state and federal law. Cal.Code of Civ. Proc. § 415.30; Fed.R.Civ.P. 4(e)(I)."[2]

DAVIS' Dismissal was recommended, "In light of the defects in service described above, it appears that plaintiff has failed to effect proper service within the allotted time period." , and that recommendation was accepted. DAVIS v. GARCIA 226 F.R.D. 386, at 387.

DAVIS was dismissed for failure to timely effect service, and counsel's assertions misrepresent fact and law regarding the dismissal.

Counsel similarly misrepresents TAYLOR v. U.S. I.R.S. 192 F.R.D. 223: "Inasmuch as more than 120 days have passed since the filing of Plaintiffs cornplaint;

---

[2]Waiver of service is inapplicable when the United States is the defendant.

Page 2 of 6

plaintiffs have not moved for an enlargement of time in order to perfect service; and Plaintiffs made no attempt in their response to CISD's motion to show good cause for their failure to perfect service, the action against CISD is properly dismissed without prejudice." TAYLOR v. U.S. I.R.S. 192 F.R.D. 223, at 224.

Counsel knows or should know that "Cal.Code of Civ. Proc. § 415.30; Fed.R.Civ.P. 4(e)(I)", cited in DAVIS, does not apply in cases in the District Court in the District of Columbia..

Counsel's misrepresentation should be deemed intentional, since counsel conceded, by failure to deny, to misrepresenting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694.

Dismissal on grounds of insufficiency of service should be denied.

INJUNCTIVE RELIEF ISSUE

As alleged in my Complaint, and as noted above, defendant has been unable to produce any record evidence of any procedurally proper assessment of tax. Any amounts "collected" in the absence of a procedurally proper assessment, by a duly-appointed assessment officer, would be, in the words of ENOCHS v. WILLIAMS PACKING CO., 370 U.S. 1 (1962), "an exaction in the guise of a tax."

The Court is respectfully reminded that no specific amount is in issue; it is the disregard of the IRC that is in issue.

\*\*\*

ADMISSIONS

Counsel insists that "Plaintiffs are incorrect" in asserting that the motion to dismiss admits all material allegations. While Plaintiffs are not as "schooled" as counsel, the Supreme Court's words in Jenkins v. McKeithen, 395 U.S. 411, at 421-22, and the cases and rules cited in that case appear to be straightforward:

> "For the purposes of a motion to dismiss, the material allegations of the complaint are taken as admitted. See, e.g., Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp., 382 U.S. 172, 174-175 (1965). And the complaint is to be liberally construed in favor of plaintiff. See Fed.Rule Civ.Proc. 8(f); Conley v. [395 U.S. 422] Gibson, 355 U.S. 41 (1957)."

Counsel should be reminded that the Supreme Court's opinion prevails over hers.

EXHAUSTION REQUIREMENT

Counsel's arguments with respect to the issue of subject matter jurisdiction border on the schizophrenic; counsel argues that the Court never converted any 12(b)(1) motion into a 12(b)(6) motion, and then footnotes that argument with one of the very cases cited by Plaintiff (Turner, not Masterson) in which a motion under 12(b)(1) (subject matter jurisdiction) was dismissed under 12(b)(6) (failure to state a claim), even though 12(b)(6) was omitted from the motion.

Turner v. United States, D.D.C. 05-1716 (JDB), (cited in counsel's footnote), cited Arbaugh v. Y & H Corp., 126 S.Ct. 1235, (2006), quoting, in Turner:

> To guide courts in that inquiry, Arbaugh adopted a clear-statement rule:
>
>> [W]e think it the sounder course to ... leave the ball in Congress' court. If the Legislature clearly states that a threshold limitation on a statute's

> scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

Turner held the exhaustion requirement nonjurisdictional, based upon Arbaugh v. Y & H Corp., 126 S.Ct. 1235. Counsel apparently believes that her opinion should, once again, override the Supreme Court's opinion, as expressed in Arbaugh.

Once again, counsel should be reminded that the Supreme Court's opinion prevails over hers, and counsel's concession that the instant case is "identical or nearly identical " to Turner requires the"exhaustion" issue be held nonjurisdictional in the instant case.


RECOGNIZED EXCEPTION TO EXHAUSTION REQUIREMENT AGAIN CONCEDED

In the "opposition", defendant repeated the failure to oppose or deny Plaintiff's assertions regarding agency bias. In fact, the "opposition"fails to address the issue entirely, merely mentioning that Plaintiffs claim an exception to the exhaustion requirement, without mentioning the basis for Plaintiffs claim of exception.

Defendant's avoidance of this issue indicates an awareness of the applicability of McCarthy v. Madigan, 503 U.S. 140, and of a sound basis for Plaintiffs' claim of agency bias. The clarification of Avocados Plus, Inc. v. Veneman, 370 F.3d 1243, 1247-48 (D.C. Cir. 2004), in Spinelli v. Goss, ___ F. 3d. _____, D.C. Circuit No. 05-5270  (DC No. 00cv00408), (May 5, 2006) establishes that the exception for agency bias operative in McCarthy is available in the instant case, and is within the Court's

discretion.

Defendant's motion to dismiss should be denied.

Respectfully,

Dated: 8-30, 2006

_____       _____
Robert Speelman                                           Karren Speelman


On the above inscribed date before the undersigned, a Notary Public for the State of Ohio, personally appeared Robert Speelman and Karren Speelman, known to me to be the persons whose names are subscribed to the within instrument, and acknowledged to me that s/he executed the same as his/her free act and deed.

_____  Aug 7, 2010
Notary, State of Ohio


### Certificate of Service

I, Robert Speelman, hereby certify that I sent a copy of the foregoing by United States Postal Service REGISTERED MAIL # RC014 336 676 US this 30 day of August, 2006, to:

PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044

Page 6 of 6